IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20163
Conference Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE J. GRAJALES,

Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CR-H-91-211-2
- - - - - - - - - -
(October 19, 1995)
Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

Jose Grajales argues that the district court erroneously believed that the "law of the case" acted as a "mandatory prohibition" against reconsideration of its original sentencing findings that Grajales was the leader/organizer of the drug-dealing operation and possessed a firearm during the offense.

> The `law of the case' doctrine generally
> precludes the reexamination of issues decided
> on appeal, either by the district court on
> remand or by the appellate court itself on a

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

> subsequent appeal.  If an issue was decided on appeal--either expressly or by necessary implication--the determination will be binding on remand and on any subsequent appeal.

Chevron U.S.A., Inc. v. Traillour Oil Co., 987 F.2d 1138, 1150 (5th Cir. 1993) (citation omitted).  While, as Grajales points out, the "law of the case" doctrine is not an inexorable command, the doctrine is to be followed unless: 1) the evidence from a subsequent trial was substantially different, 2) the decision was clearly erroneous and would result in manifest injustice, or 3) controlling authority has since made a contrary decision of the law applicable to such issues.  Falcon v. General Tel. Co., 815 F.2d 317, 320 (5th Cir. 1987).  The doctrine applies in both criminal and civil cases.  Paul v. United States, 734 F.2d 1064, 1066 (5th Cir. 1984).  Grajales presents no arguments regarding these factors.

This court already decided the above sentencing issues against Grajales in his earlier appeal, United States v. Fierro, 38 F.3d 761, 774-75 (5th Cir. 1994), cert. denied, 115 S. Ct. 1388 (1995), and none of the three exceptions to application of the "law of the case" doctrine exist in this case.  Moreover, the district court's action in re-sentencing Grajales to life imprisonment was clearly consistent with the narrow nature of this court's mandate on remand.  Accordingly, the district court did not err in determining that the "law of the case" doctrine precludes review of the sentencing issues.

AFFIRMED.